PEOPLE *v*. McMILLER

CRIMINAL LAW—PLEA OF GUILTY—INQUIRIES—REMAND.
>   Manslaughter conviction is reversed and remanded by the Court
>   of Appeals where defendant's responses to the trial judge's
>   inquiries into the truth of his plea of guilty did not satisfy
>   legal requirements (CL 1948, § 768.35; GCR 1963, 785.3).

Appeal from Jackson, Charles J. Falahee, J.  Submitted Division 2 November 14, 1969, at Lansing. (Docket No. 7,621.)  Decided November 26, 1969.

Romes McMiller was convicted, on his plea of guilty, of manslaughter.  Defendant appeals.  Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paul R. Adams,* Chief Appellate Attorney, for the people.

*Bruce A. Clark,* for defendant on appeal.

Before: LEVIN, P. J., and T. M. BURNS and DAN-HOF, JJ.

PER CURIAM.  On November 6, 1968, the defendant was charged with the crime of murder and on January 13, 1969, while represented by counsel, he

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 486.

pleaded guilty to the lesser included offense of manslaughter, CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553). Following an examination of the defendant, the trial court accepted the plea of guilty. On January 28, 1969, defendant was sentenced to a term of 10 to 15 years in prison.

On appeal defendant's only question is whether the trial judge sufficiently inquired into the truth of defendant's plea of guilty so as to warrant the acceptance of the plea.

The people have confessed error herein.

The record of the lengthy examination of the defendant relative to his plea shows that his responses do not satisfy legal requirements. MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058); GCR 1963, 785.3.

The plea of guilty by the defendant of the offense of manslaughter is hereby vacated.

Reversed and remanded.